IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL, COUNTY, FLORIDA.

CASE NO.: 3:05-cv-473-J-25MCR
DIVISION:

16-2005-CA-002997 -XX

MONT'SHO FLOUKE, an individual, and
BRIDGET DAVIS FLOUKE an individual,

    Plaintiffs,

v.

JACKSONVILLE SHERIFF'S OFFICE,
a Department of the City of Jacksonville;
the CITY OF JACKSONVILLE,
a Florida Municipality;
SHERIFF JOHN RUTHERFORD, Sheriff
of Duval County, Florida in his
official capacity; OFFICER J.D. ROWE,
Jacksonville Sheriff's Office, an individual;
OFFICER M.A. DUCKWORTH, Jacksonville
Sheriff's Office, an individual;
OFFICER L.A. MANNING, Jacksonville
Sheriff's Office, an individual;
SGT. D.R. SCHOENFELD, Jacksonville
Sheriff's Office, an individual;
and OTHER UNKNOWN AND UNNAMED
OFFICERS OF THE JACKSONVILLE
SHERIFF"S OFFICE, individuals;

    Defendants.

_____/

DIVISION CV-E

JIM FULLER
CLERK OF THE CIRCUIT COURT
DUVAL COUNTY, FLORIDA

2005 APR 25 P 4: 13

THIS INSTRUMENT IN COMPUTER C.S.

## COMPLAINT

Plaintiffs, MONT'SHO FLOUKE and BRIDGET DAVIS FLOUKE, sue Defendants, JACKSONVILLE SHERIFF'S OFFICE, the CITY OF JACKSONVILLE, SHERIFF JOHN RUTHERFORD, Sheriff of Duval County, Florida, OFFICER J.D. ROWE, Jacksonville Sheriffs's Office, OFFICER M.A. DUCKWORTH, Jacksonville Sheriffs's Office, OFFICER L.A. MANNING, Jacksonville Sheriffs's Office, SGT. D.R. SCHOENFELD, and OTHER UNKNOWN

AND UNNAMED OFFICERS OF THE JACKSONVILLE SHERIFF'S OFFICE for damages and state as follows:

### General Allegations

1. This is an action for damages in excess of $15,000.00 exclusive of interest, costs and attorney's fees.

2. Plaintiffs Mont'Sho Flouke and Bridget Davis Flouke (Plaintiffs) are and were at all times material, residents of Duval County, Florida.

3. Defendant Jacksonville Sheriff's Office (JSO) is a Department of the City of Jacksonville.

4. Defendant City of Jacksonville (City), is a Florida municipality organized and existing under the Florida Constitution.

5. Defendant Sheriff John Rutherford (Sheriff), is and was at all times material the Sheriff of Duval County, Florida.

6. Defendant Officer J. D. Rowe, is and was at all times material an officer of the Jacksonville Sheriffs's Office.

7. Defendant Officer M.A. Duckworth, is and was at all times material an officer of the Jacksonville Sheriffs's Office.

8. Defendant Officer L.A. Manning, , is and was at all times material an officer of the Jacksonville Sheriffs's Office.

9. Defendant and Sergeant D.R. Schoenfeld is and was at all times material a Sergeant with the Jacksonville Sheriffs's Office.

10. Defendants "Other Unknown and Unnamed Officers of the Jacksonville Sheriff's Office" were at all times material officers of the Jacksonville Sheriffs's Office.

11. The acts or omissions giving rise to this lawsuit occurred in Duval County, Florida.

12. On or about September 18, 2004, Defendant Officers Officer J. D. Rowe, M.A. Duckworth, L.A. Manning, Sergeant D.R. Schoenfeld of the Jacksonville Sheriff's Office and "Other Unknown and Unnamed Officers of the Jacksonville Sheriff's Office" (collectively "Defendant Officers), responded to a 911 call, for an apparent attempted suicide or drug overdose of a white female. The location was an apartment at 451 Monument Road..

13. However, the Defendant Officers went to an apartment located at 445 Monument Rd., Apartment # 1104.

14. After arriving at 445 Monument Rd., Apartment # 1104, Defendant Officers forcefully broke down and destroyed Plaintiffs' apartment door to gain entry to Plaintiffs' apartment.

15. Plaintiffs are a black male and female who were sleeping in the back bedroom of their apartment.

16. Upon entering Plaintiffs' apartment Defendant Officers threw Plaintiffs to the ground without provocation, placed Plaintiffs in handcuffs and threatened Plaintiffs at gunpoint.

17. When Plaintiffs protested that they had done nothing wrong, Defendant Officers made inappropriate remarks and further demonstrations of threats of lethal force.

18. As Defendant Officers were leaving, Plaintiff Flouke asked Defendant Officers who would be responsible for the damage to the door.

19. One of Defendant Officers informed Plaintiffs that the police took no responsibility for the door, and would not provide any protection for Plaintiffs' apartment until the door was repaired.

20. The damage to the door required Plaintiffs to miss work to protect their apartment and possessions until the damage could be repaired.

21. The emotional stress of the incident required Plaintiffs to move to a new apartment.

22. From the time Defendant Officers responded to the 911 call through the time Defendant Officers departed from the vicinity of Plaintiffs' apartment, Defendant Officers were acting within the course and scope of their employment with the Jacksonville Sheriffs' Office and the City of Jacksonville.

23. Defendants, John Rutherford as Sheriff of Jacksonville, The Jacksonville Sheriff's Office, and the City of Jacksonville are liable for the acts of Defendant Officers who were acting as their agents within the course and scope of Defendant Officers employment at the time of the events complained of herein.

## Count I– Deprivation of Civil Rights Under Color of State Law by Defendant Officers in Violation of 42 U.S.C. §1983

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

24. This is an action pursuant to 42 U.S.C. §1983, deprivation of civil rights under color of state law.

25. Defendant Officers are natural persons.

26. Defendants Officers at all times material were acting under color of state law, in that Defendant Officers were in uniform and acting under their authority as officers of the Jacksonville Sheriff's Office, and the City of Jacksonville

27. Plaintiffs are natural persons, United State Citizens, and residents of Duval County, Florida.

28. Defendant Officers while acting under color of state law, deprived Plaintiffs of their rights including but not limited to the right to be secure in their home and Plaintiffs' right to liberty, as secured by the constitution and laws of the United States.

29. Defendant Officers are liable for the damages sustained by Plaintiffs as a result of the Defendant Officers' actions.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count II– Trespass

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

30. Defendant Officers, while acting in the course and scope of their employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, unlawfully and without justification trespassed upon Plaintiffs' property

31. Defendant Officers forcefully and without just cause entered Plaintiffs' property.

32. Defendant Officers caused damage to Plaintiffs' property in gaining entry by breaking down the door to Plaintiffs' apartment.

33. Defendant Officers remained in Plaintiffs' property after being requested to leave by Plaintiffs.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count III– False Imprisonment

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

34. Defendant Officers knowingly and intentionally, while in the course and scope of their employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, falsely imprisoned Plaintiffs.

35. Defendant Officers confined Plaintiffs within their home.

36. Defendant Officers used drawn and pointed weapons to restrict Plaintiffs' movement within Plaintiffs' home, and prevented Plaintiffs' from leaving their home.

37. Defendant Officers placed Plaintiffs in handcuffs.

38. Plaintiffs' were aware that they were being confined and informed Defendant Officers that there had been a mistake.

39. Defendant Officers knew there had been an error, as they were attempting to locate a white female, not a black couple.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count IV– Assault

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

40. Defendant Officers while in the course and scope of employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, intentionally, unlawfully and without justification assaulted Plaintiffs.

41. Defendant Officers placed Plaintiffs in fear of imminent force by pointing loaded firearms at Plaintiffs' heads and backs, and making threatening statements and gestures.

42. Defendant Officers had the apparent present ability to effectuate their threats of force through the use of the loaded firearms pointed at Plaintiffs.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count V- Battery

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

43. Defendant Officers while in the course and scope of employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, intentionally, unlawfully and without justification committed battery on Plaintiffs.

44. Defendant Officers made harmful and offensive contact with Plaintiffs by touching Plaintiffs with the barrels of loaded firearms, grabbing Plaintiffs, placing Plaintiffs in positions through the use of physical force and placing handcuffs on Plaintiffs.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

## Count VI– Intentional Infliction of Emotional Distress

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

45. Defendant Officers while in the course and scope of employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, intentionally, recklessly, unlawfully and without justification, intentionally inflicted and caused Plaintiffs to suffer severe emotional distress.

46. Defendant Officers committed outrageous acts including but not limited to; forcefully breaking Plaintiffs' door to gain entry, placing Plaintiffs in handcuffs, forcing Plaintiffs to kneel on the floor while Defendant Officers searched the premises.

47. Plaintiffs had committed no crime and have never been charged with any crime.

48. Defendant Officers' actions caused Plaintiffs to suffer severe emotional distress including an inability by Mrs. Davis Flouke to remain alone in her home at night.

49. Defendant Officers actions were outrageous under the circumstances in that Defendant Officers knew or should have known they were at the wrong address, that Plaintiffs were not the persons referenced by the 911 emergency call, and should have provided some assistance to

the injured Plaintiffs after realizing the error, including but not limited to providing security for Plaintiffs' apartment.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count VII– Negligent Infliction of Emotional Distress

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

50. Defendant Officers while in the course and scope of employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, intentionally, unlawfully and without justification negligently inflicted and caused Plaintiffs to suffer emotional distress.

51. Each Plaintiff was present as the other was threatened with loaded firearms, handcuffed, and forced to kneel while Defendant Officers searched the apartment.

52. Each Plaintiff suffered physical injury by Defendant Officers' actions including pain and bruising.

53. Plaintiffs' have suffered injuries caused by the psychological trauma including difficulty sleeping and an inability to be home alone at night.

54. Both Plaintiffs were involved in the events causing the injury to the other.

WHEREFORE, Plaintiff's respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Count VIII– Invasion of Privacy by Intrusion

Plaintiff realleges Paragraphs 1 through 23 as if set forth in full and further says:

55. Defendant Officers while in the course and scope of employment as police officers employed by the Jacksonville Sheriff's Office and the City of Jacksonville, intentionally, unlawfully and without justification invaded Plaintiffs' privacy by intruding into Plaintiffs' private quarters.

56. Defendant Officers, after forcefully entering Plaintiffs' apartment and threatening Plaintiffs, searched Plaintiffs' apartment.

57. While searching the apartment Defendant Officers physically intruded into Plaintiffs' private bedroom.

58. Plaintiffs' had a reasonable expectation of privacy of their personal bedroom.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiff an award of damages and such other and further relief as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

Dated this 25th day of April, 2005.

Spohrer, Wilner, Maxwell, and Matthews PA.

Stephanie J. Hartley, Esquire
Florida Bar No: 0997846
701 West Adams Street, Suite 2
Jacksonville, Fl 32204
Telephone: (904) 354-8310
Facsimile: (904) 358-6889
Attorneys for Plaintiffs