UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Mont'Sho Flouke, et al.,

        Plaintiffs,

vs.                              Case No.  3:05-cv-473-J-25MCR

Jacksonville Sheriff's Office, et al.,

        Defendants.

_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Emergency Motion to Quash

Subpoenas (Doc. 5) filed November 16, 2005.  Defendants filed a response in

opposition to this motion on December 1, 2005.  (Doc. 20).  On December 12, 2005,

Plaintiffs filed a motion for leave to file a supplemental memorandum (Doc. 23).

Although the Court had already drafted its Order, it will allow this supplemental

memorandum to be filed because Plaintiff's original memorandum was lacking.[1]

## I.    BACKGROUND

This dispute centers around the Defendants' issuance of twenty-five subpoenas

*duces tecum.*  The subpoenas were sent to non-parties and seek various documents

falling into one of five categories: (1) Florida Parole Commission Records, (2) medical

records, (3) employment records, (4) auto insurance records and (5) telephone records.

---

[1] In the future, counsel for Plaintiffs is urged to file supporting memoranda which properly develop all legal argument.  If counsel finds he/she needs to file a supplemental memorandum, he/she should file a motion seeking leave to file same more expeditiously.

Eight of the subpoenas were issued and had not yet been responded to by the non-parties at the time Plaintiffs filed the instant motion.  Defendants assert that all of the entities receiving these subpoenas were contacted and instructed not to comply with the subpoenas pending the Court's ruling.  Five subpoenas were not issued before Plaintiffs' motion.  The remaining twelve subpoenas were issued and responded to before the instant motion was filed.  Defendants claim they have placed all responsive documents under seal and have made no copies or notes as to the contents.[2]

In their original motion, Plaintiffs asserted two reasons why the subpoenas should be quashed and/or a protective order entered.  First, Plaintiffs argued they were not provided with proper notice of the subpoenas as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure.  (Doc. 15).  Specifically, Plaintiffs claimed that after they received notice of the subpoenas, they objected to the subpoenas but despite their objections, Defendants still issued the subpoenas without providing Plaintiffs with further notice.  (Doc. 15).  The supplemental memorandum appears to abandon this argument by stating, "[w]hile Plaintiffs continue to believe some sanction such as a denial of discovery or denial of admissibility of discovered information is appropriate for Defendants' harassment of Plaintiffs, Plaintiffs do not believe there was any intent by Defendants to issue the subpoenas surreptitiously or without proper notice to Plaintiffs." (Doc. 24, p.2).  As such, the Court will not address this argument in its Order.

---

[2] As for the subpoenas that have already been responded to, the Court will treat the instant motion as one seeking a protective order.

Secondly, in support of their claim that the subpoenas should be quashed and/or a protective order should issue, Plaintiffs claim the subpoenas are improper because they seek information which is "not within the scope of discovery allowed by Rule 26." (Doc. 15, p.3).  Plaintiffs admit "that some of the subpoenas seek discoverable information," however, claim that they "are so over broad that they are harassing, and are being issued for no other purpose than to obtain information to further harass and embarrass the Plaintiffs."  (Doc. 15, p.3).

Defendants respond that the subpoenas seek relevant information and contend that Plaintiffs failed to meet their burden in either quashing the subpoenas or in seeking a protective order.  (Doc. 20).

## II.   ANALYSIS

Plaintiffs object to the subpoenas because they claim the subpoenas are overly broad and seek information "not within the scope of discovery allowed by Rule 26." (Doc. 15).  As noted above, Plaintiffs concede that some of the subpoenas seek discoverable information but complain that in general, the subpoenas are so over broad as to be harassing.  (Doc. 15, p.3).  Plaintiffs' original motion provided absolutely no support for this contention, however, Plaintiffs' supplemental memorandum contains more detailed argument.  In their supplemental memorandum, Plaintiffs note that they no longer object to the subpoena seeking records from the Florida Parole Commission. (Doc. 24, p.2).  Additionally, Plaintiffs concede that the subpoenas to Southpoint Terrace, Memorial Hospital, Home Depot, Shands Hospital, Cingular Wireless, Bellsouth and T-Mobile seek relevant information but are overly broad.  (Doc. 24, p.6).

-3-

Plaintiffs claim the remaining subpoenas seek irrelevant information and should

therefore, be quashed.

    A. <u>Subpoenas Seeking Medical Records</u>

    Defendants issued thirteen subpoenas to various medical providers seeking:

> [c]omplete and entire chart, front and back cover of file
> jacket, including any and all records, tests, reports,
> memoranda, x-rays, CT scans, MRI studies, films, bills and
> statements for services, and any other documents of any
> kind in your possession and/or control, relating to any
> examination, medical history, treatment, or evaluation of
> Bridget Davis Fluke [or Mont'Sho Foluke] . . .  Please include
> a copy of any and all bills or invoices for medical services,
> including information regarding write-offs, insurance
> reimbursement, or adjustments to the bill(s).

(Doc. 20, Ex.6).  As noted above, Plaintiffs oppose these subpoenas to the extent they

seek records relating to treatment for problems unrelated to this case.  (Doc. 15, Ex. C).

    In response, Defendants claim they are entitled to all of the medical records

because the Plaintiffs have put their mental or emotional conditions at issue by claiming

negligent infliction of emotional distress.  Accordingly, Defendants argue that the

medical records may demonstrate a preexisting condition or may show other causes of

mental or emotional distress.  (Doc. 20, p.16).  Furthermore, Defendants take the

position that Ms. Foluke has put her physical condition at issue because she claims she

was physically injured by Defendants.  Thus, Defendants believe they are entitled to

discover the medical records in order to determine if any of Ms. Foluke's injuries could

have been pre-existing.[3]

---

[3] Defendants point out that Mr. Foluke testified that Ms. Foluke was in a major auto accident
(continued...)

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  In the instant case, the Court agrees that the subpoenas as drafted are overbroad in that they contain no time limitation.  Defendants are not permitted to probe into all of Plaintiffs medical records without limit.  The Court will allow Defendants to seek medical records for both Plaintiffs for a three year period prior to the incident at issue in this case and up to the present time.  Any medical records outside this relevant time period already obtained by Defendants shall be returned to Plaintiffs. Defendants shall revise any remaining subpoenas to be issued to medical providers.

B.  <u>Subpoenas Seeking Employment Records</u>

Defendants issued six subpoenas to Plaintiffs' current and/or former employers seeking:

> [a]ll records in your possession or control pertaining to your company's employment of Bridget Davis Foluke [or Mont'Sho Foluke] . . . , including Mrs. Foluke's personnel file (including hiring, training, payment, sick leave, pension, rate of pay, performance, discipline, worker's compensation claims and related correspondence such as letter of reference or commendation and complaints, and any and all time records indicating [her] hours of arriving and departing from work during the month of September 2004.)

---

[3](...continued)
in which she suffered serious injuries.

(Doc. 20, Ex. 7).  Plaintiffs oppose these subpoenas because they again claim the subpoenas are overly broad.  Plaintiffs admit that Defendants are entitled to discover records relative to Plaintiffs' "very limited wage loss claims" (Doc. 15, Ex. C), but assert that seeking documents from former employers is improper.  (Doc. 24, p.8).

Defendants respond that they are entitled to all of the documents they seek because the documents could be relevant to Plaintiffs' credibility, may reflect a prior on-the-job injury by Mrs. Foluke, and will help Defendants verify Plaintiffs' lost wage claims. Additionally, Defendants argue that they should be entitled to the documents because Plaintiffs have not articulated any reasonable justification for their position that the records are not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 20, p.18).

The Court will permit Defendants to obtain documents from Plaintiffs' current employers and their employers at the time of the incident at issue in this case. Defendants will not be permitted to engage in a fishing expedition for documents regarding an injury that they have no indication ever occurred or simply to locate documents that may bear on credibility.  Again, any documents already obtained by Defendants falling outside these limitations shall be returned to Plaintiffs.

C. Subpoenas Seeking Insurance Records

Defendants issued four subpoenas to insurance companies seeking:

> All records pertaining to [Mont'Sho Foluke or Bridget Davis
> Foluke], . . ., including copy of policy and all documents
> including but not limited to PIP logs and worksheets, medical
> records, letters, notes, memoranda and all other documents
> pertaining to said Mont'Sho Foluke . . .

-6-

(Doc. 20, Ex.8).  Plaintiffs object to these subpoenas because they allege the subpoenas seek documents containing "private financial information."  (Doc. 24). Defendants respond that Plaintiffs have no standing to challenge these subpoenas. Additionally, Defendants claim that the information sought by these subpoenas is relevant because Ms. Foluke has "once previously been the plaintiff in a personal injury lawsuit" and therefore, Defendants are "entitled to find out more information about the extent of her injuries, what the lawsuit was about, and whether it is true that she has sued previously only once and whether or not Mr. Foluke has sued previously."  (Doc. 20, p.19).

In order to have standing to challenge a subpoena to a non-party, the party must allege a "'personal right or privilege' with respect to the subpoenas."  Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing, Brown v. Braddick, 595 F.2d 961, 967 (5th Cir. 1979); State of Florida v. Jones Chem., Inc., 1993 WL 388645 *2 (M.D. Fla. 1993)).  Here, Plaintiffs have successfully done so by asserting that the insurance company records contain personal, private financial information.  (Doc. 24, pp. 8-9).  Additionally, the Court agrees with Plaintiffs that Defendants are again fishing.  The Court will permit Defendants to obtain documents from insurance companies but only related to the auto accident involving Ms. Foluke.

D.  Subpoenas Seeking Telephone Records

Defendants issued three subpoenas to telephone companies seeking:

> [a]ny and all bills, invoices, call records, and details of all
> telephone calls to and from [phone numbers] on September
> 17, 18, and 19, 2004.

(Doc. 20, Ex. 9).  Plaintiffs again oppose these subpoenas because they claim they are overly broad.

Defendants contend that the three-day time period they seek is reasonably calculated to lead to the discovery of admissible evidence regarding any phone calls made during the incident and to whether Mr. Foluke's statement that he has no "friends with whom he shared the extent of his 'severe' emotional distress" is true.  (Doc. 20, p.19).  The Court finds this limited time period reasonable and will allow it.

Accordingly, after due consideration, it is

**ORDERED**:

1.      Plaintiffs' Motion for Leave to File a Supplemental Memorandum of Law (Doc. 23) is **GRANTED**.

2.      Plaintiffs' Emergency Motion to Quash Subpoenas (Doc. 15) is **GRANTED in part and DENIED in part** as discussed in the body of this Order.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this _15th_ day of December, 2005.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

-8-