UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Mont'sho Foluke, et al.,,

    Plaintiffs,

vs.                                                 Case No.  3:05-cv-473-J-25MCR

Jacksonville Sheriff's Office, et al.,,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant City of Jacksonville's Motion to Compel (Doc. 26) filed December 16, 2005.  Plaintiffs filed a response in opposition on January 5, 2006.  (Doc. 27).  Accordingly, the matter is ripe for judicial review.

### **I. BACKGROUND**

On April 25, 2005, Plaintiffs filed an action in state court alleging a deprivation of their civil rights in conjunction with their arrests in September 18, 2004.  (Doc. 2).  The Complaint also contains counts for trespass, false imprisonment, assault, battery, intentional and negligent infliction of emotional distress and invasion of privacy by intrusion.  (Doc. 2)

On August 31, 2005, the City served Plaintiff, Bridget Foluke, with its first set of interrogatories.  Interrogatory 6 asked Mrs. Foluke whether she had ever been arrested for any crime and asked her to specify when, where and the arrest charge with enough specificity to allow the City to locate all arrest records.  Plaintiff responded by objecting

that the interrogatory was overly broad, irrelevant and unduly burdensome.  Plaintiff further responded that she had "never been convicted of a crime which under the law would have been punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of punishment." (Doc. 26, p.2). The City filed the instant motion seeking a more complete response to this interrogatory.

## II. DISCUSSION

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.

In the instant motion, the City argues that Plaintiff should be required to disclose any arrests as that information is relevant to her claims of damages with respect to her arrest in September 2004, which is the basis for the instant litigation.  Additionally, the

City claims that evidence regarding any prior arrests may be probative as to Plaintiff's truthfulness.

Under Rule 26(b) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  Both parties spent considerable time discussing the potential admissibility of any arrest records.  As noted above, the undersigned is simply concerned with whether the arrest records are possibly relevant to Plaintiffs' claims in this case, not whether the records will ultimately be admissible.  Here, the undersigned is convinced the records are relevant.  Plaintiffs allege they suffered "severe emotional distress" as a result of the arrest in September 2004.  (Doc. 2, p.7).  Whether Mrs. Foluke was ever arrested before would be relevant to how she might react to being arrested in September 2004.  Again, the undersigned is taking no position as to whether such information would be admissible at trial.  Rather, the Court finds the City has shown that evidence regarding prior arrests of Mrs. Foluke is relevant.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant City of Jacksonville's Motion to Compel (Doc. 26) is **GRANTED**.

2. Plaintiff shall serve the City with a complete response to Interrogatory No. 6 no later than **Friday, January 27, 2006**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  17th  day of January, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record